UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NARCISO GENAO, on behalf of himself and all other persons similarly situated,

                        Plaintiffs,

             -against-

112 HOSPITALITY LLC d/b/a THE MEADOW CLUB, JKK RESTAURANTS LLC d/b/a THE CURRY CLUB, KULWANT WADHWA, KARIN WADHWA and INDU KAUR,

                        Defendants.
-------------------------------------------------------------------------X

Case No. 18-cv-07461 (SJF)(AKT)

**ANSWER TO PLAINTIFF'S COMPLAINT**

      Defendants, 112 HOSPITALITY LLC d/b/a THE MEADOW CLUB (the Meadow Club"), JKK RESTAURANTS LLC d/b/a THE CURRY CLUB (the "Curry Club"), KULWANT WADHWA, KARIN WADHWA, and INDU KAUR (collectively the "Defendants"), by their counsel, Kaufman Dolowich & Voluck, LLP, as and for their Answer to the Complaint of NARCISO GENAO (the "Plaintiff") (hereinafter "the Complaint"), sets forth the following:

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"NATURE OF THE ACTION"**

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"JURISDICTION AND VENUE"**

3. Defendants neither admit nor deny the allegations contained in Paragraph 3 of the Complaint as they consist of legal conclusions to which no response is required.

4. Defendants neither admit nor deny the allegations contained in Paragraph 4 of the Complaint as they consist of legal conclusions to which no response is required.

5. Defendants neither admit nor deny the allegations contained in Paragraph 5 of the Complaint as they consist of legal conclusions to which no response is required.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "PARTIES"

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants neither admit nor deny the allegations contained in Paragraph 10 of the Complaint as they consist of legal conclusions to which no response is required.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegatioons contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "COLLECTIVE ACTION ALLEGATIONS"

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "RULE 23 CLASS ACTION ALLEGATIONS NEW YORK STATE LABOR LAW"

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny knowledge or information concerning the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "FIRST CLAIM FOR RELIEF FAIR LABOR STANDARDS ACT: OVERTIME WAGES"

48. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "SECOND CLAIM FOR RELIEF NEW YORK LABOR LAW: MINIMUM WAGES"

53. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "THIRD CLAIM FOR RELIEF NEW YORK LABOR LAW: OVERTIME WAGES"

57. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "FOURTH CLAIM FOR RELIEF NEW YORK LABOR LAW: SPREAD OF HOURS"

62. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "FIFTH CLAIM FOR RELIEF NEW YORK LABOR LAW: WAGE NOTICE"

65. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "SIXTH CLAIM FOR RELIEF NEW YORK LABOR LAW: WAGE STATEMENTS"

68. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "PRAYER FOR RELIEF"

71. Defendants deny the allegations contained in Paragraph (i) of the Complaint, and submit that Plaintiff is not entitled to any relief whatsoever.

72. Defendants deny the allegations contained in Paragraph (ii) of the Complaint, and submit that Plaintiff is not entitled to any relief whatsoever.

73. Defendants deny the allegations contained in Paragraph (iii) of the Complaint, and submit that Plaintiff is not entitled to any relief whatsoever.

74. Defendants deny the allegations contained in Paragraph (iv) of the Complaint, and submit that Plaintiff is not entitled to any relief whatsoever.

75. Defendants deny the allegations contained in Paragraph (v) of the Complaint, and submit that Plaintiff is not entitled to any relief whatsoever.

### STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

76. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred to the extent he has failed to state a claim upon which relief can be granted.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

78. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period contained in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C § 255(a), or any similar state labor law, such claims of Plaintiff are barred. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

79. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §§ 258 and 259. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

80. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"), Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or the provisions of NYLL § 198. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

81. Defendants assert a lack of willfulness or intent to violate the FLSA or NYLL as a defense to any claim by Plaintiff for liquidated damages to the extent they acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that its actions did not violate the FLSA or NYLL. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred in whole or in part to the extent that the work Plaintiff performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or NYLL, including but not limited to those provided for in 29 U.S.C. §§ 207, 213, and its state law equivalents. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

83. To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

84. To the extent that any of the activities alleged in the Complaint do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged

8

in activities which were preliminary or postliminary to Plaintiff's principal activities or incidental to them. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

87. To the extent Defendants comply with NYLL § 652, all relevant wage orders and regulations, and paid Plaintiff at or above the applicable minimum wage for all hours worked, such related claim of Plaintiff is barred. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

88. Supplemental or pendant jurisdiction should not be exercised over Plaintiff's NYLL claims. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

89. To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) but made complete and timely payment of all wages due pursuant to the NYLL, Plaintiff is not entitled to any damages due to a failure to provide notices. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

90. Defendants have not willfully failed to pay Plaintiff wages and/or monies claimed to be due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to

pay any sum that may be alleged to be due. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of the stated claims to the extent such interest is not permitted by the applicable statute. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

92. The Curry Club, Kulwant Wadhwa, Karin Wadhwa, and Indu Kaur were not Plaintiff's employers under the FLSA and/or NYLL. This defense also may apply to the claims of some or all of the alleged collective action members.

### AS AND FOR DEFENDANTS SEVENTEENTH AFFIRMATIVE DEFENSE

93. To the extent that discovery reveals that Plaintiff falsely reported his hours, and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE

94. To the extent that Defendants are or were neither an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA and Plaintiff was neither "engaged in commerce or in the production of goods for commerce" under the FLSA for Defendants, Defendants are/were not obligated to pay overtime under the FLSA. This

defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' NINETEENTH AFFIRMATIVE DEFENSE

95. The Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged and/or abandoned. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' TWENTIETH AFFIRMATIVE DEFENSE

96. Assuming *arguendo* that Plaintiff is entitled to recover additional compensation for himself, to the extent Defendants have not willfully or intentionally failed to pay such additional compensation, the remedies available to Plaintiff are appropriately limited thereby. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' TWENTY-FIRST AFFIRMATIVE DEFENSE

97. Plaintiff's action is barred by the doctrine of payment, partial or whole. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' TWENTY-SECOND AFFIRMATIVE DEFENSE

98. This case may not be maintained as a collective action because Plaintiff is not an adequate representative for the persons whom he purports to represent. There being no appropriate representative, Plaintiff's collective action allegations must be stricken, and his collective action claims dismissed.

**AS AND FOR DEFENDANTS' TWENTY-THIRD AFFIRMATIVE DEFENSE**

99. There are no employees of Defendants who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

**AS AND FOR DEFENDANTS' TWENTY-FOURTH AFFIRMATIVE DEFENSE**

100. There being no appropriate representative, Plaintiff's class action allegations must be stricken, and their class action claims dismissed.

**AS AND FOR DEFENDANTS' TWENTY-FIFTH AFFIRMATIVE DEFENSE**

101. Certain of the interests of the putative class members are in conflict with the interests of Plaintiff.

**AS AND FOR DEFENDANTS' TWENTY-SIXTH AFFIRMATIVE DEFENSE**

102. The case is not appropriate for class action certification because Plaintiff is not able to fairly and adequately protect the interests of all members of the putative class.

**AS AND FOR DEFENDANTS' TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

103. Plaintiff does not satisfy any of the requirements of Rule 23 of the Federal Rules of Civil Procedure, and, thus, this action cannot be maintained as a class action.

**AS AND FOR DEFENDANTS' TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

104. The putative class members are not so numerous that joinder is impracticable.

**AS AND FOR DEFENDANTS' TWENTY-NINTH AFFIRMATIVE DEFENSE**

105. The Complaint, and the claims purported to be alleged therein, cannot proceed as a class action because difficulties likely to be encountered render the action unmanageable.

### AS AND FOR DEFENDANTS' THIRTIETH AFFIRMATIVE DEFENSE

106.    Plaintiff has not shown and cannot show that class action treatment of the purported claims in the Complaint are superior to other methods of adjudicating the controversy.

### AS AND FOR DEFENDANTS' THIRTY-FIRST AFFIRMATIVE DEFENSE

107.    The purported claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged putative class members.

### AS AND FOR DEFENDANTS' THIRTY-SECOND AFFIRMATIVE DEFENSE

108.    The types of claims alleged by Plaintiff on behalf of putative class action members are matters in which individual questions predominate and thus is not appropriate for class treatment.

### AS AND FOR DEFENDANTS' THIRTY-THIRD AFFIRMATIVE DEFENSE

109.    To the extent any of Plaintiff's workdays did not extend over a period of time in excess of ten (10) hours, he is not entitled to any spread of hours pay for such workdays. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

### AS AND FOR DEFENDANTS' THIRTY-FOURTH AFFIRMATIVE DEFENSE

110.    To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) but reasonably believed in good faith that it was not required to provide Plaintiff with such notices, Plaintiff is not entitled to any damages due to a failure to provide notices.

## AS AND FOR DEFENDANTS' THIRTY-FIFTH AFFIRMATIVE DEFENSE

111.   Plaintiff was not an employee of the Curry Club, Kulwant Wadhwa, Karin Wadhwa, and Indu Kaur under the FLSA and/or NYLL. This defense also may apply to the claims of some or all of the alleged collective and/or class action members.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: March 14, 2019
       Woodbury, New York

                                          KAUFMAN DOLOWICH & VOLUCK, LLP

                                   By:    _____
                                          Keith Gutstein, Esq.
                                          Matthew Cohen, Esq.
                                          135 Crossways Park Drive, Suite 201
                                          Woodbury, New York 11797
                                          Phone: (516) 681-1100
                                          Fax:  (516) 681-1101
                                          *Attorneys for Defendants*

CC:   All Counsel of Record (*via ECF*)

4844-6554-8163, v. 1